IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| GLENN D. WILSON and | § | |
| CINDY K. WILSON, | § | CASE NO. 05-81190-H2-7 |
|        Debtors | § | |
| _____ | § | |
| | § | |
| RONALD J. SOMMERS, | § | |
|        Plaintiff | § | |
| | § | |
| vs. | § | ADVERSARY NO. 06-3078 |
| | § | |
| KENNETH RAY VAUGHT, et al., | § | |
|        Defendants | § | |

**MEMORANDUM OPINION**
**CONCERNING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**
**(DOC. ## 61, 62, 63)**

     In this adversary proceeding, Plaintiff Ronald Sommers, chapter 7 Trustee of the bankruptcy estate of Glenn and Cindy Wilson, seeks to recover damages from Kenneth Vaught, Duke Austin and Turn 2 Baseball Academy (collectively, "Defendants") for their allegedly having fraudulently induced Glenn Wilson to enter into a partnership agreement and then allegedly forcing Wilson out of the business while keeping his assets and trade secrets. Defendants have filed motions for summary judgment contending (1) that Plaintiff's claims are barred by the statute of limitations and (2) that Plaintiff has failed to support the elements of each claim of his case. Turn 2 Baseball Academy ("Turn 2") also contends that the claims against it should be dismissed since it did not exist until long after the events about which Plaintiff complains. For the following reasons the Court dismisses the claims against Turn 2, dismisses several of the claims against the other defendants, but denies the motions for summary judgment as to some claims.

STANDARDS FOR SUMMARY JUDGEMENT

     Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment. Fed. R. Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986). Fed. R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

     All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty*

*Lobby, Inc.*, 106 S.C.t 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511. Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

## ISSUES FOR SUMMARY JUDGMENT

Plaintiff's complaint asserts the following legal bases for its claims against Defendants: (1) fraud, (2) breach of fiduciary duty, (3) conspiracy, (4) negligence, (5) breach of partnership, (6) unjust enrichment, (7) promissory estoppel, (8) defamation, (9) conversion, (10) Theft Liability Act, and (11) Trade Secrets Misappropriation.

A.  Plaintiff's Motion to Dismiss the Motions for Summary Judgment

In his response to the motions for summary judgment, Plaintiff states:

Plaintiff objects to each of Defendants Motions for Summary [Judgment] as being overly broad. Each Defendant moves for summary judgment on all causes of action and all elements thereto. Accordingly, this requires Plaintiff to produce evidence on liability, causation and damages. In short, Defendants' overly broad Motions have required the trial of this case in the pleadings instead of focused arguments and analysis on genuine areas of dispute. For this reason alone the Motions should be denied. Alternately, Plaintiff requests the Court order the Defendants' Motion [sic] for Summary Judgment stricken.

The Court will not deny or strike the motions for summary judgment as "overly broad." Defendants have done what the Federal Rules of Civil Procedure authorize them to do. The

Court is not aware of any authority (and Plaintiff cites no authority) to dismiss or to strike a motion for summary judgment because it requires a plaintiff to provide proof that there is a genuine issue of fact on every element of his claims. Therefore, the request to dismiss or to strike is denied.

"Plaintiff also moves to strike Defendants' Motions for Summary [Judgment] as they fail to comply with Local Rule 9013." That request is denied. Plaintiff does not explain what material deficiency he sees and the Court does not notice one.

B. Statute of Limitations

Defendants allege that Plaintiff's claims are barred by state statutes of limitations. There does not appear to be any dispute that Plaintiff's claims arise some time subsequent to the summer of 2003 and before January 2004. Most of the state claims would ordinarily be limited to two years, thus barring claims after June 2005. This adversary proceeding was filed January 24, 2006. Therefore, absent a special bankruptcy rule, the statutes of limitations would have run.

11 U.S.C. § 108 extends the time in which a bankruptcy trustee can file claims that had not expired before the date that the bankruptcy petition was filed.

(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.

11 U.S.C. § 108. Debtors filed their bankruptcy petition commencing this case under chapter 7 of the Bankruptcy Code in April 2005. The earliest that the 2 year state statute could have expired would be June, 2005. Therefore, the 2 year statute had not expired when the bankruptcy case was filed. The filing of a petition constitutes an order for relief. 11 U.S.C. § 301. Therefore, the statute of limitations was extended until at least April 2007 with respect to claims barred by a 2 year statute. The adversary proceeding was filed in January 2006. Therefore the statute of limitation had not expired with respect to any action with a 2 year limitation.

Defendants assert, and Plaintiff does not deny, that the statute of limitations for an action for defamation is one year. Plaintiff cites no conduct after December 2003 which would have constituted defamation. Plaintiff cites no extension of the limitation period for lack of discovery. The statute ran on the defamation claims prior to January 2005 and therefore § 108 does not apply because the statute ran before the bankruptcy case was filed. Therefore, all defamation claims are denied as time barred.

      C.      Defendants Vaught and Austin

           1.      *Breach of partnership and breach of fiduciary duty*

Defendants argue there is no evidence to support the essential elements of a partnership and then list the elements of contract formation. Texas Revised Partnership Act ("TRPA"), Tex. Rev. Civ. Stat. Ann. art. 6132b (West 2005), defines a partnership as "an association of two or more persons to carry on a business for profit." *Id*. at 2.02(a). The statute does not provide an objective test, but provides the following guidance:

    (a)    Factors Indicating Creation of Partnership...
          (1) receipt or right to receive a share of profits of the business;
          (2) expression of an intent to be partners in the business;
          (3) participation or right to participate in control of the business;
          (4) sharing or agreeing to share:
              (A) losses of the business; or
              (B) liability for claims by third parties against the business; and
          (5) contributing or agreeing to contribute money or property to the business.
...
    (c)    Additional Rules. An agreement to share losses by the owners of a business is not necessary to create a partnership...

*Id.* at 2.03. Plaintiff has provided at least some summary judgment evidence, principally Glenn Wilson's testimony that there was an understanding that a partnership was created, that creates a material issue of fact for trial. Therefore, summary judgment is denied with respect to breach of partnership and breach of fiduciary duty (arising out of a partnership agreement if the Court finds that there was a partnership agreement). The Court will limit testimony concerning breach of fiduciary duty to any fiduciary duty that may have arisen out of a partnership agreement because Plaintiff has failed to allege or to support by summary judgment evidence any fiduciary duty except what may have arisen out of a partnership agreement.

As for Defendants' argument that the partnership was not memorialized in a written document and therefore it is void by virtue of the statute of frauds, the Court finds that argument to be unavailing. An oral agreement of partnership is valid in Texas and need not set a specific date for termination within one year. What matters for the purpose of statute of frauds is that the partnership can be performed within a year. *See Niday v. Niday*, 643 S.W.2d 919 (Tex. 1982).[1]

           2.      *Negligence*

---

[1] The Court notes that there is a disconnect between the parties concerning this argument. Defendant concentrates on the contention that land would be leased for 10 years at $1 per year and then ownership would transfer (to whom is not clear). Plaintiff's response to the motion for summary judgment disavows any claim for a transfer of land and contends that he is seeking merely an adjudication that there was a partnership. The Court will enforce this disavowal. The obligation to transfer land will not be at issue.

The elements of a cause of action for negligence are: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached the duty; and (3) the breach proximately caused the plaintiff's injury. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Plaintiff has not alleged or submitted summary judgment evidence of any duty that Defendants might have owed to Plaintiff except duties as a partner, if a partnership is shown to have existed. Whatever claims that Plaintiff might have against Defendants for negligence are subsumed in Plaintiff's claims for breach of an alleged partnership agreement. Therefore, Plaintiff's claims are dismissed.

### 3. *Unjust enrichment*

To recover under the doctrine of unjust enrichment, a plaintiff must establish that: 1) valuable services and/or materials were furnished, 2) to the party sought to be charged, 3) which were accepted by the party sought to be charged, and 4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39 (Tex. 1992). Plaintiff has produced summary judgment evidence that he provided a customer list and public notoriety to the baseball facility that continues to operate at the ten acres. Plaintiff has provided summary judgment evidence that he expected to be paid. There is a material issue of fact for trial, and summary judgment is denied with respect to these claims.

### 4. *Promissory estoppel*

The Plaintiff has alleged promissory estoppel as an alternative cause of action in the event the Court does not find a partnership. The elements of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promissor, and (3) substantial reliance by the promisee to his detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). A genuine issue of fact exists as to what was said between the parties. Only by determining what actually was said between the parties, a question of fact, can the Court evaluate whether Wilson's reliance was foreseeable. Therefore there is an issue of fact for trial, and summary judgment dismissing this claim is denied.

### 5. *Conversion and Civil Theft*

"The tort of conversion is defined as the unauthorized and wrongful assumption and exercise of dominion and control over the property of another, to the exclusion of and inconsistent with the owner's rights." *Crutcher v. Continental Nat. Bank*, 884 S.W.2d 884, 888 (Tex. App.-El Paso 1994), *writ denied*. At minimum, this would apply to Wilson's customer list and other methodology of conducting business. Texas courts recognize conversion claims involving intangible property such as customer lists. *Deaton v. United Mobile Networks, L.P.*, 926 S.W.2d 756, 762 (Tex. App.-Texarkana 1996), *rev'd in part on other grounds*, 939 S.W.2d 146 (Tex.1997). Conversion does not apply to the items that were returned to Wilson. However, Plaintiff has provided Wilson's deposition and other summary judgment evidence that some of his property was not returned to him. There is a genuine issue of fact as to what this property is and whether the Defendants have exercised dominion or control over that alleged property. Therefore summary judgment is denied with respect to conversion.

>    6.  *Fraud, conspiracy to commit fraud, defamation, and misappropriation of trade secrets*

Plaintiff's response to the motions for summary judgment states:

> Concurrently herewith, Plaintiff has filed a Motion for Leave to File its (sic) Third Amended Complaint and their (sic) proposed Third Amended Complaint. The Complaint removes the only causes of action not supported by the recent depositions and document production.... [A]ssuming the Court grants leave to file same, the following claims remain against Defendants VAUGHT and AUSTIN: (1) breach of fiduciary duty, (2) negligence, (3) breach of partnership, (4) unjust enrichment, (5) promissory estoppel, (6) conversion, and (7) civil theft.

The Court is not sure how to treat that set of statements.  The Court by separate order has denied permission to filed the Third Amended Complaint.  But the Court is not in the business of negotiating for permission to file amended complaints.  Plaintiff must either prosecute his claims or withdraw them.  Plaintiff may not withdraw the claims conditional on the Court allowing Plaintiff to file other claims.

The fact is that Plaintiff has not supported the claims for fraud, defamation, and misappropriation of trade secrets against Vaught and Austin by summary judgment evidence that indicates that there is a material issue of fact for trial.  Plaintiff admits that those "causes of actions [are] not supported by the recent depositions and document production."  Therefore, summary judgment is issued dismissing the claims for fraud, conspiracy to commit fraud, defamation, and misappropriation of trade secrets.

>    D.  Defendant Turn 2

It is undisputed that Turn 2 was incorporated as a Texas non-profit corporation on March 8, 2005.  Wilson has never had an agreement or contract with Turn 2, nor was he ever in a partnership with Turn 2, nor did Turn 2 make any representations to him at the end of 2003, the time at issue.  There is simply no summary judgment evidence that Turn 2 had any transaction, agreement, or correspondence, relationship, conversation, or any other interplay with Plaintiff.  Summary Judgment is granted dismissing all claims against Turn 2.

CONCLUSIONS

A separate order is issued this date granting and denying summary judgment as indicated above.

SIGNED   November 27, 2006

_____
WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE