IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| GLENN D. WILSON, *et al* | § | CASE NO: 05-81190 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| RONALD J. SOMMERS | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-3078 |
| | § | |
| KENNETH RAY VAUGHT, *et al* | § | |
| Defendant(s) | § | |

**MEMORANDUM OPINION**
**DENYING ATTORNEY'S FEES AND COSTS (DOC # 109, 110)**

　　In the complaint initiating this adversary proceeding, the chapter 7 Trustee, asserting claims that were property of the bankruptcy estate, alleged that Defendants had stolen Debtor's baseball training academy business.  In their answers, Defendants asserted claims for attorneys' fees, but they did not reserve the issue for determination subsequent to trial and they presented no evidence of the amount of attorneys' fees at the trial.  At the conclusion of the trial, the Court issued a final judgment dismissing all claims.  No appeal was taken and the judgment became final.  Defendants then moved for attorney fees and costs under the Texas Practice and Remedies Code, under Rule 11, under Bankruptcy Code § 105, and under Rule 7054 of the Federal Rules of Bankruptcy Procedure.  The Court concludes that the final judgment dismissing all claims raised in the pleadings should preclude further consideration of attorneys' fees, but that even if it does not, the Defendants have no claim against Plaintiff's counsel under the Texas Practice and Remedies Code and have not properly asserted their claims against the Trustee, the Trustee's bond, or against the Estate.  Therefore, the motion for attorneys' fees is denied.

I.　　**THERE IS NO FACT ISSUE**

　　Parties do not dispute the facts on which the Court makes this determination as a matter of law.  The Court can rule without an evidentiary hearing.

II.　　**AUTHORITY FOR RECOVERY OF ATTORNEY'S FEES**

　　A.　　Theft Liability Act

　　　　1.　　The statute

The prevailing party in a suit under the Texas Theft Liability Act ("TTLA") is entitled to

court costs and reasonable and necessary attorney's fees.  V.T.C.A. Civ. Prac. Rem. Code
§134.005(b).  Recovery is not dependent on an award of damages.  *Air Routing Int'l Corp. v.
Brittania Airways, Ltd.*, 150 S.W.3d 682 (Tex. App. – Houston 2004) *rehearing overruled*.

> The statute provides:
>
>> (a) In a suit under this chapter, a person who has sustained
>> damages resulting from theft may recover … the amount of actual
>> damages…
>> (b) Each person who prevails in a suit under this chapter shall be
>> awarded court costs and reasonable and necessary attorney's fees.

> 2.  Res judicata

The Trustee argues that the award of attorney fees under the TTLA is issue precluded: *res
judicata*.  In a federal-question case based on a prior federal judgment, the federal rules of *res
judicata* apply.  *Reimer v. Smith*, 663 F.2d 1316, 1326 n.10 (5th Cir. 1981).  "Claim preclusion,
or *res judicata*, bars the litigation of claims that either have been litigated or should have been
raised in an earlier suit."  *In re Southmark Corp*., 163 F.3d 925, 934 (5th Cir.1999). *See also
Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) ("*Res judicata*
prevents litigation of all grounds for, or defenses to, recovery that were previously available to
the parties, regardless of whether they were asserted or determined in the prior proceeding.").

*Res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment
in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was
concluded by a final judgment on the merits; and (4) the same claim or cause of action was
involved in both actions.  *Southmark*, 163 F.3d at 934.  The first three elements are obviously
satisfied.  The parties are identical.  Defendants have not challenged the competency of this
Court in rendering Final Judgment in their favor.  And Final Judgment was issued with
prejudice.  The fourth element is not so clear.

The parties have not identified to the Court, and the Court has not on its own located,
dispositive authority concerning whether, when attorneys' fees are authorized by statute (as
opposed to constituting part of the "costs" of a case) the award of attorneys' fees is the same
claim or cause of action as the principal demand.  The Court has been able to find authoritative
discussion of a related question: whether a judgment that reserves the issue of attorneys' fees is a
final judgment for purposes of appeal.

*Budinich v. Becton Dickinson and Co.*, 486 U.S. 196 (1988) involved a determination of
whether a judgment of the merits, with reservation of the determination of attorneys' fees, was a
"final" judgment for purposes of appeal.  Justice Scalia wrote for the court:

> As a general matter, at least, we think it indisputable that a claim for
> attorney's fees is not part of the merits of the action to which the fees
> pertain. Such an award does not remedy the injury giving rise to the
> action, and indeed is often available to the party defending against the

action. At common law, attorney's fees were regarded as an element of "costs" awarded to the prevailing party, see 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2665 (1983), which are not generally treated as part of the merits judgment, cf. Fed.Rule Civ.Proc. 58 ("Entry of the judgment shall not be delayed for the taxing of costs"). Many federal statutes providing for attorney's fees continue to specify that they are to be taxed and collected as "costs," see *Marek v. Chesny,* 473 U.S. 1, 43-48, 105 S.Ct. 3012, 3035-3036, 87 L.Ed.2d 1 (1985) (BRENNAN, J., dissenting) (citing 63 such statutes)-as does, in fact, the Colorado statute at issue here.

Petitioner contends, however, that the general status of attorney's fees for § 1291 purposes must be altered when the statutory or decisional law authorizing them makes plain (as he asserts Colorado law does) that they are to be part of the merits judgment. This proposition is not without some support. Some Courts of Appeals have held that the statutes creating liability for attorney's fees can cause them to be part of the merits relief for purposes of § 1291. See, *e.g., Holmes v. J. Ray McDermott & Co.,* 682 F.2d, at 1146; *McQurter v. Atlanta,* 724 F.2d 881, 882 (11th Cir. 1984) (*per curiam*). This Court itself implicitly acknowledged the possibility of such an approach in *Boeing Co. v. Van Gemert,* 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980), where, in holding that a judgment on the merits was final and immediately appealable apart from the question of attorney's fees, we expressly distinguished cases in which the plaintiff had specifically requested attorney's fees as part of the prayer in his complaint. *Id.,* at 479-480, 100 S.Ct., at 749-750, n. 5. Now that we are squarely confronted with the question, however, we conclude that the § 1291 effect of an unresolved issue of attorney's fees for the litigation at hand should not turn upon the characterization of those fees by the statute or decisional law that authorizes them.

In *McQurter,* the Eleventh Circuit wrote:

When attorney's fees are similar to costs … or collateral to an action … a lack of determination as to the amount does not preclude the issuance of a final, appealable judgment on the merits. When, however, the attorney's fees are an integral part of the merits of the case and the scope of relief, they cannot be characterized as costs or as collateral and their determination is a part of any final, appealable judgment. 724 F.2d at 882.

*Budnich* holds that reservation of the award of attorneys' fees does not render the decision of all other issues non-final and therefore non-appealable.  However it does not decide whether a final order dismissing all claims raised in the pleadings, including a claim for attorneys' fees that was authorized by statute, precludes subsequent litigation to determine attorneys' fees.

If *Budnich* continues the *Holmes* and *McQurter* analysis (except for the purposes of defining "final, appealable" judgments for purposes of § 1291) then, the Trustee is correct and the issue of attorneys' fees is precluded by the final judgment.  Alternatively, if *Budnich* approves the *Boeing* implicit acknowledgement of the applicability of finality (except for purposes of § 1291) when a party has actually pled a demand for attorneys' fees and the issue has not been reserved, then the Trustee prevails.  However, if *Budnich* rejects *Holmes, McQurter,* and *Boeing*, then Defendants prevail.

The Court believes the issue of attorneys' fees is precluded by the final judgment because (1) a state statute specifically mandated award of the attorneys fees as part of the authorized damages, and thus attorneys' fees are an integral part of the state scheme, (2) Defendants specifically demanded attorney fees in their answer, (3) Defendants failed to introduce evidence at trial in support of that counterclaim, and (4) Defendants failed to raise the issue or to reserve the issue in the pretrial order.  A judgment was issued dismissing those claims and that order became final.  This case is distinguished from *Budnich* because *Budnich* is driven by the need for a uniform national definition of "final judgment" for purposes of appeal.  This Court believes that different principles govern finality for purposes of relitigation of issues raised and disposed of.  The *McQurter* focus on what is integral to the cause of action and the usual principles of avoiding piecemeal and multiple trials suggest that an issue that was raised, not reserved, and not addressed until after finality of judgment should not be available for reconsideration.

But even if the Court is incorrect in that conclusion, the only entity against whom the statute authorizes attorneys' fees is the "party" to the proceeding, not counsel for the party.  And for reasons set forth below, Defendants have not properly presented their claim against the Trustee, the Trustee's bond, or the estate.

That Defendants did not specify the basis for an award of attorney fees in their pleading is irrelevant.  Defendants' pleadings were sufficient to give notice.  *See* FRBP 7008; *Sturdevant v. Maley (In re Sturdevant)*, 415 F.2d 465, 467 (5th Cir.1969) (citing Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (federal standards of notice pleading apply to bankruptcy courts).  However, as noted below, the request for costs and fees was not made timely.

B.      Sanctions under Rule 9011

Defendants also cite Fed. R. Bankr. P. 9011(b) as the basis for their right to attorneys' fees.  Rule 9011 requires the party requesting fees to give notice of the allegation of violation of the rule and an opportunity to withdraw the offending pleading before sanctions may be awarded.  The rule provides:

> By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may

> prescribe), <u>the challenged paper, claim, defense, contention,
> allegation, or denial is not withdrawn or appropriately corrected</u>,
> except the limitation shall not apply if the conduct alleged is the
> filing of a petition in violation of subdivision (b). If warranted, the
> court may award to the party prevailing on the motion the
> reasonable expenses and attorney's fees incurred in presenting or
> opposing the motion…

Rule 9011(c)(1)(A) (emphasis added).  If, during the 21-day period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion for sanctions may not be filed.  These provisions are intended to provide a type of "safe harbor" against motions under Rule 9011 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.  The timely withdrawal of a contention will protect a party against a motion for sanctions.  *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (discussing Fed. R. Civ. P. 11(c)); *Matter of Sadkin*, 36 F.3d 473, 477 n.3 (5th Cir. 1994) (Bankruptcy rule 9011 is substantially similar to Federal Rule of Civil Procedure 11).  The docket in this case reflects no notice to the Trustee or his counsel concerning possible sanctions.  Sanctions are not awardable because Defendants have failed to provide proof of compliance for initiating sanctions under Rule 9011 by motion.

C.      Sanctions under Bankruptcy Code § 105

Bankruptcy Code § 105 is the "all writs" statute for bankruptcy courts.  But the powers that it grants are limited:

> While the bankruptcy courts have fashioned relief under
> Section 105(a) in a variety of situations, the powers granted
> by that statute may be exercised only in a manner consistent
> with the provisions of the Bankruptcy Code. That statute
> does not authorize the bankruptcy courts to create
> substantive rights that are otherwise unavailable under
> applicable law, or constitute a roving commission to do
> equity.

*U.S. v. Sutton*, 786 F.2d 1305 (5th Cir. 1986) (footnotes omitted).  *See also* the long list of Fifth Circuit cases that have cited this principle, including most recently *In re Amco Ins.* 444 F.3d 90 (5th Cir. 2006).

"Absent statutory authorization or an agreement between the parties the 'American rule' leaves each party in federal litigation to pay his own attorney's fees."  *Matter of Arbitration Between Trans Chemical Ltd.*, 978 F.Supp. 266, 311 (S.D. Tex. 1997).  Exception to this rule is allowed (i) in cases involving a common fund, (ii) cases in which a party has willfully violated a court order, and (iii) cases involving fraudulent, groundless, oppressive, or vexatious conduct. *Id.*  The first exception does not apply.  The latter exceptions are encompassed by the bankruptcy

courts' powers of contempt and to impose sanctions.  Movants have not shown substantive rights to which they are entitled under otherwise applicable law.  Section 105 does not bridge the chasm.

        D.      Bankruptcy Rule 7054

Defendants' final request for costs is brought under Rule 7054.

> The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Bankr. P. 7054(b).  Rule 7054 imposes no time limitations for when a party may seek costs.  *Roth v. Mims*, 298 B.R. 272 (N.D.Tex. 2003).  However, the district courts are free to adopt local rules establishing deadlines for filing of claims for attorney fees.  *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 454 (1982).  The Local Rules of the District Court govern practice in the bankruptcy court.  Bankruptcy Local Rule 1001.  The Local Rules of the Southern District require that an application for costs shall be made within 14 days of the entry of a final judgment.

> LR54.2. Bill of Costs. The parties must maintain their own record of taxable costs. The clerk does not record taxable costs. An application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment. When attorney's fees are taxable as costs, an application for them must be made with the application for other costs. Objections to allowance of the bill, the attorney's fees, or both must be filed within five days of the bill's filing. Rule 54(d). 28 U.S.C. § 1920.

The final judgment in this case was entered on December 22, 2006.  Fourteen days after December 22 is January 5, 2007.  One motion for attorneys' fees was filed January 10 and the other was filed January 11, 2007.  The earlier motion was filed 19 days after the entry of final judgment and the latter motion was filed 20 days after entry of final judgment.

## III.    PARTY AGAINST WHOM DEFENDANTS MAKE A CLAIM

Even if *res judicata* does not apply, Defendants have not properly asserted the claim.

        A.      Claim against the bankruptcy estate

If Movants seek to recover from the Debtor's estate, they must file a proof of claim in the bankruptcy case.  Fed. R. Bankr. P. 3002.  Movants have not filed a timely proof of claim.  The deadline for filing proofs of claim has passed.  Movants may have declined to file a proof of

claim because the trustee indicates that the estate has no assets to pay claims.

      B.      Claim against the Trustee's bond

If Movants seek to recover upon the Trustee's bond, they must bring an adversary proceeding under Bankruptcy Rule 7001 in the name of the United States.  Fed. R. Bankr. P. 9025.  Movants have failed to file such adversary proceeding at this point.  Furthermore, Movants have alleged no breach of the condition on the bond as required by Rule 9025.

      C.      Claim against the Trustee personally

If Movant seeks relief against the Trustee in his personal capacity, they must allege gross negligence.  "Trustees should not be subjected to personal liability unless they are found to have acted with gross negligence."  *In re Smyth*, 207 F.3d 758 (5th Cir. 2000).  Movants have not alleged gross negligence by the Trustee, and there are no facts in the record to support such an allegation.

      D.      Claim against the Debtor

The Debtor is not a party to the proceeding.  Debtor was discharged of his debts and the Trustee maintained this action.

      E.      Claim against opposing counsel

For reasons noted above, the Court concludes that Defendants do not have the right to collect attorneys fees from any party under FRBP 9011, Bankruptcy Code § 105, or FRBP 7054.  Even if the Court were not correct about *res judicata*, Defendants would not have the right to collect those attorneys' fees from opposing counsel.  V.T.C.A., Civ. Rem. Prac. Code § 7.011.  Attorney's Liability for Costs provides:

> An attorney who is not a party to a civil proceeding is not liable for payment of costs incurred by a party to the proceeding.

      F.      Conclusion

Even assuming that *res judicata* did not apply, there is no party from whom Defendants can collect.

## IV.   **CONCLUSION**

The most difficult issue presented by Defendants is whether they are entitled to attorneys' fees under the Texas Theft Liability Act.  Based on the specific allegation of that claim, the failure to introduce evidence on it or to reserve the claim, and the Court's final order definitively adjudicating all claims raised, the Court believes that this issue is precluded by prior adjudication.  However, even if there were a substantive basis for the award of attorneys' fees, there is no party against whom Defendants have properly asserted a claim or that is financially

able to pay the claim if it were allowed.

Equity suggests the same result.  When the pleadings include a demand for attorneys' fees, it is simply unfair to wait until the deadlines have run for appeal of the judgment in their favor before attempting to offer evidence in support of those fees.

By separate order issued this date, the motion for attorneys' fees is denied.

SIGNED 03/30/2007.

WESLEY W STEEN
United States Bankruptcy Judge